IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
DETROIT OFFICE

| | |
|---|---|
| ROBERT NAIMAN, ) | |
| ) | |
| Plaintiff, ) | 2:15-cv-13154 |
| ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| PIONEER CREDIT RECOVERY, ) | |
| INCORPORATED, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

NOW COMES the plaintiff, ROBERT NAIMAN, by and through his attorneys, SMITHMARCO, P.C., and for his Complaint against the defendant, PIONEER CREDIT RECOVERY, INCORPORATED, the plaintiff states as follows:

### I.  PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.  JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.  PARTIES

4. ROBERT NAIMAN, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Troy, County of Oakland, State of Michigan.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly originally owed by Plaintiff for medical supplies (hereinafter, "the Debt").

6. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. PIONEER CREDIT RECOVERY, INCORPORATED, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Texas. Defendant's principal place of business is located in the State of New York. Defendant is incorporated in the State of New York.

8. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

9. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

10. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

11. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

12. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV.   ALLEGATIONS

13. In or around May 2014, Defendant initiated a telephone call to Plaintiff in an attempt to collect the Debt.

14. During the course of the aforesaid telephone call, Defendant attempted to collect the Debt from Plaintiff; Plaintiff explained that the Debt was being handled by his insurance carrier and that he was not responsible for the Debt.

15. Despite communicating directly with Plaintiff and despite being fully cognizant of Plaintiff's location, in or around January 2015 and on multiple occasions since that time, Defendant has proceeded to contact Plaintiff's sons and Plaintiff's daughters during which Defendant informed them that it was important that Plaintiff contact Defendant regarding "a delinquent financial matter that [Plaintiff] needed to resolve."

16. During the course of the aforementioned telephone calls third party Plaintiff's sons and Plaintiff's daughters, Defendant's representative did not identify themselves and did not state that they were calling to confirm or correct location information.

17. During the course of the aforementioned telephone calls, Defendant's representative disclosed the name of Defendant despite not being expressly requested to do so.

18. During the course of the aforementioned telephone calls, Defendant disclosed that it was a debt collector and that Plaintiff owed a debt.

19. Despite being cognizant of Plaintiff's location and despite having no authorization from Plaintiff to contact third parties, Defendant has initiated multiple telephone calls to Plaintiff's sons and Plaintiff's daughters.

20. Plaintiff's family members did not request that they be contacted by Defendant.

21. Plaintiff did not consent to Defendant contacting third parties.

22. On May 18, 2015, at 7:53 a.m., Defendant contacted Plaintiff by telephone in a further attempt to collect the Debt.

23. On May 19, 2015, at 7:48 a.m., Defendant contacted Plaintiff by telephone in a further attempt to collect the Debt.

24. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and stating that the consumer owes any such debt in violation of 15 U.S.C. §1692b(2);

   b. Communicated with any person other than the consumer more than once without authorization from the consumer and without a reasonable belief that the earlier response from said person as to the consumer's location was erroneous or incomplete in violation of 15 U.S.C. §1692b(3);

   c. Communicated with the consumer at an unusual time and place or at a time or place which should be known to be inconvenient to the consumer in violation of 15 U.S.C. § 1692c(a)(1);

   d. Communicated in connection with the collection of any debt with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector in violation of 15 U.S.C. §1692c(b);

   e. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

25. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.    JURY DEMAND

26. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ROBERT NAIMAN, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

   a. All actual compensatory damages suffered;

   b. Statutory damages of $1,000.00;

      c.      Plaintiff's attorneys' fees and costs;

      d.      Any other relief deemed appropriate by this Honorable Court.

      Respectfully submitted,
**ROBERT NAIMAN**

By:    s/ David M. Marco
      Attorney for Plaintiff

Dated: September 4, 2015

David M. Marco (Atty. No.: 6273315)
SMITHMARCO, P.C.
20 South Clark Street, Suite 2120
Chicago, IL 60603
Telephone:  (312) 546-6539
Facsimile:  (888) 418-1277
E-Mail:     dmarco@smithmarco.com